Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIND MATHEWS,<br><br>Plaintiff,<br>v.<br><br>HEALTH IQ INSURANCE SERVICES, INC. and JOHN DOES 1-10,<br><br>Defendants. | Case No.  3:22-cv-02075<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*<br><br>JURY TRIAL DEMANDED** |

**NOW COMES** ROSALIND MATHEWS, through her undersigned counsel, complaining of HEALTH IQ INSURANCE SERVICES, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. ROSALIND MATHEWS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oakland, California.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. HEALTH IQ INSURANCE SERVICES, INC. ("Defendant") is a health insurance provider that markets its insurance products to consumers nationwide.

9. Defendant maintains its principal place of business at 2513 Charleston Road, Mountain View, California.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

12. In the marketing calls placed by JOHN DOES 1-10, JOHN DOES 1-10 falsely identify themselves as "Health IQ."

13. Defendant is vicariously liable for the acts of JOHN DOES 1-10.

## GENERAL ALLEGATIONS

14. Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

15. Upon information and belief, Defendant utilizes third party vendors to market its preventive care technology and health risk assessment services.

16. Defendant's vendors are essential to its telemarketing campaigns.

17. Defendant's ability to generate revenue depends significantly on its access to high-quality vendors.

18. Upon information and belief, Defendant's outbound telemarketing efforts include the use of an automatic telephone dialing system ("ATDS") to solicit consumers nationwide.

19. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

20. Upon information and belief, Defendant uses technology that has the capacity to produce telephone numbers using a random or sequential number generator in order to contact as many consumers as possible to market its services to.

21. An ATDS allows Defendant's telemarketing agents to only communicate with consumers who answer their phone.

22. Consequently, Defendant's unsolicited telemarketing calls shift the burden of wasted time to consumers.

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5345.

24. At all times relevant, Plaintiff's number ending in 5345 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

26. On February 21, 2022, Plaintiff received a solicitation call from Defendant.

27. Upon answering Defendant's solicitation call, Defendant's representative stated that she was calling Plaintiff regarding an inquiry about life insurance.

28. Plaintiff advised Defendant's representative that at no point in time did Plaintiff request information about life insurance.

29. Furthermore, Plaintiff requested that the calls stop.

30. At no point in time did Plaintiff authorize Defendant or any purported vendors to place calls to her cellular phone.

31. From February 21, 2022 through the present, Plaintiff has received numerous solicitation calls from Defendant regarding life insurance that she never requested, including calls from the phone number (855) 929-0953 and (415) 687-2797.

32. During each answered call, Plaintiff was greeted by a lengthy period of dead air and Plaintiff was required to say "hello" numerous times before being connected to a live representative.

33. Defendant enjoys her solitude and Defendant's solicitation calls were highly intrusive to Plaintiff.

34. Defendant's invasive calls and illegal telemarketing activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by unsolicited telemarketing phone calls; aggravation that accompanies unwanted telephone calls; emotional distress; frustration; loss of concentration; and the loss of battery charge.

35. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

36. Concerned with Defendant's intrusive telemarketing practices, Plaintiff retained counsel to compel Defendant to cease its unlawful telemarketing practices.

**CLAIMS FOR RELIEF**

## COUNT I:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. §227(b)(1)(A).

39. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

40. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts placed using an ATDS to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.

41. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

42. As pled above, Defendant placed or caused to be placed telemarketing calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone, utilizing an ATDS without his express written consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

43. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

44. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

45. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy period of dead air as Defendant's dialing system connects Plaintiff to a live representative.

46. As pled above, Plaintiff never provided Defendant with consent to place calls to her cellular phone.

47. As pled above, Plaintiff was harmed by Defendant's telemarketing calls to her cellular phone.

48. Upon information and belief, Defendant knew its telemarketing practices were in violation of the TCPA yet continued to employ them to maximize profits.

49. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

50. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing further violating calls to consumers;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, demands a trial by jury.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2022 | Respectfully submitted, |
| 2 | | **ROSALIND MATHEWS** |
| 3 | | By: */s/ Nicholas M. Wajda* |
| 4 | | |
| 5 | | Nicholas M. Wajda<br>**WAJDA LAW GROUP, APC** |
| 6 | | 6167 Bristol Parkway<br>Suite 200 |
| 7 | | Culver City, California 90230<br>+1 310-997-0471 |
| 8 | | nick@wajdalawgroup.com |